

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 13, 1953

Hon. John H. Winters, Executive Secretary
State Youth Development Council
Austin, Texas

Opinion No. S-85

Re: Necessity of separate salary checks
when salaries appropriated in the
biennial appropriation act have been
supplemented by appropriation for
this purpose in separate legislation;
legality of proposed salary adjust-
ments under Section 24a, Article II,
Ch. 81, Acts 53rd Leg., 1953.

Dear Mr. Winters:

Your letter requests our opinion on two distinct
questions concerning salary appropriations for the Central
Office of the Youth Development Council for the biennium
beginning September 1, 1953.

You state that the Council proposes to supplement
each full time Central Office salary itemized in the general
appropriations act* in the amount of $180. You plan to pay
this supplement out of the Youth Development Council Fund,
as authorized by one of the appropriating items contained in
the act creating that special fund.** Your first question
is: "In setting up the payroll for these positions, will the
$180.00 be added to each line item appropriation thus permit-
ting one check to be written for each employee, or will it
be necessary for the funds to be set up so as to require the
issuance of the regular salary provided for in the line item
appropriation of House Bill 111 /Chapter 81/ and a separate
check in the amount of $15.00 a month to be drawn on the
"Youth Development Council Fund"?

We have carefully examined the provisions of Chap-
ters 81 and 387 and are convinced that no legal problem is
presented by your first question. The Legislature in this
instance has not decided whether such supplements, if paid,

---

* Art. II, Ch. 81, Acts 53rd Leg., 1953, p. 127, at p. 149.
** Sec. 4, Ch. 387, Acts 53rd Leg., 1953, p. 927, at p. 928.

should be included in the regular salary warrants or should be by separate warrant.  Consequently, it would be legal to use either method.

Your second question asks whether the Council, by authority of a rider contained in the new general appropriations act, may make adjustments in certain line item salary appropriations contained therein.  The rider in question provides:

"The governing board of any hospital, school, or institution for which an appropriation is made in this Article may use any savings in the respective appropriations specified for salaries and wages which may be obtained through simplifying methods of work, through consolidating or eliminating positions, and through other economies in salary and wage costs, for increasing the salaries and wages of the remaining positions and personnel; provided, however, the amount of any such increases shall not exceed by $50 per month the salary rates specified in this Article; and provided further that such increases may not be applied to any position for which a salary rate of $10,000 or more is specified in this Article."  Art. II, Sec. 24a, Ch. 81, Acts 53rd Leg., 1953, p. 127, at p. 166.

As explained in your letter and accompanying data, you plan to eliminate one position and reduce the authorized salary in another position now specified in Chapter 81. With money so saved you plan to increase the maximum salaries now specified for two other positions and to increase the sum now appropriated for your two secretaries so as to enable you to pay each of them a salary approximating the specified "NTE" limit of $2,940 per year.  You state that the combined increases due to Section 24a and to the supplement provided in Chapter 387 will in no individual case exceed $50 per month.

It is the opinion of this office that under Section 24a the Council may make the proposed adjustments in its line item appropriations.

### SUMMARY

The Youth Development Council may arrange to pay the salary supplements authorized

by Section 3 of Chapter 387, Acts 53rd Leg., 1953, either by separate check, or by including same in the regular salary warrant. On the facts submitted the Council is authorized under Section 24a of Article II, Chapter 81, Acts 53rd Leg., 1953, to make certain salary adjustments in salaries specified in Chapter 81.

APPROVED:

C. K. Richards
Appellate Division

W. V. Geppert
Reviewer

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

PR:wb

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By Phillip Robinson
     Phillip Robinson
          Assistant